IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANGELO COLLAZO,<br>　　　Petitioner,<br><br>　　　v.<br><br>SUPERINTENDENT CURLEY, et al.,<br>　　　Respondents. | Civil Action No. 11-6 Erie<br><br>District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

### II. REPORT[1]

#### A. Relevant Background

In the petition for a writ of habeas corpus, Petitioner Michael Angelo Collazo contends that his trial counsel, A.J. Adams, Esquire, was ineffective for failing to file a direct appeal. He also contends that his post-conviction counsel, William J. Hathaway, Esquire, was ineffective.

In August of 2007, the Commonwealth charged Petitioner with, *inter alia*, conspiracy to commit robbery stemming from an incident that occurred on July 29, 2007, and conspiracy to commit burglary stemming from an incident that occurred on August 7, 2007. He fled to Florida, but was eventually returned to Pennsylvania.

---

[1] Respondents have submitted all relevant transcripts and the Common Pleas Court's file. It contains documents numbered 1 through 33, and will be cited to as "CP Dkt. No. __."

1

On October 28, 2008, he appeared before the Court of Common Pleas of Erie County. A.J. Adams, Esquire, was his attorney. Petitioner pleaded guilty to the charge of conspiracy to commit burglary at docket number 3041 of 2007 and to a count of conspiracy to commit robbery at docket number 3222 of 2007. The Commonwealth *nolle prossed* the remaining charges against him. At the hearing, Petitioner was advised:

> [Prosecutor:] Turning to paragraph 4 of the Defendant's Statement of Rights, it indicates that at Docket Number 3041 of 2007, at Count 1, the maximum penalty you can receive is a twenty-five thousand dollar fine and ten years of incarceration. And at Docket 3222 of 2007, Count 1, the maximum penalty is a twenty-five thousand dollar fine and ten years of incarceration. *If the Court imposes the maximum at both counts, you could be looking at fines totaling up to fifty thousand dollars and twenty years incarceration; do you understand that?*
>
> [Petitioner:] Yes, ma'am.
>
> - - -
>
> [Prosecutor:] Do you have any questions you would like to ask the Judge, Attorney Adams, or myself, [on] anything at all we've covered here today?
>
> [Petitioner:] No, ma'am.

(10/28/08 Hr'g Tr. at 7-8 (emphasis added). On that same day, Petitioner signed "Defendant's Statement Of Understanding Of Rights Prior To Guilty/No Contest Plea." (CP Dkt. No. 5). By signing it, Petitioner once again confirmed that he was aware that the maximum sentence for the crimes for which he was pleading guilty was 20 years.

On December 1, 2008, the court sentenced Petitioner at docket number 3041 of 2007 to a term of incarceration of 36-108 months with time credit for 200 days. At docket number 3222 of 2007, the court sentenced him to a consecutive sentence of 42-108 months of imprisonment. Both sentences were within the standard range of the sentencing guidelines. The sentences imposed also were consistent with

2

what Petitioner had been advised at his plea hearing and in the "Defendant's Statement Of Understanding Of Rights Prior To Guilty/No Contest Plea."

A few days later, Petitioner filed a *pro se* motion to modify his sentence so that he could serve them concurrently. (CP Dkt. No. 8). The court denied his motion on December 5, 2008. No direct appeal was filed.[2]

On or around March 30, 2009, Petitioner filed a *pro se* motion for collateral relief in the Court of Common Pleas pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (CP Dkt. No. 9). Therein, he requested that his sentence be corrected on the grounds that: (1) he had been induced to plead guilty by his trial counsel's statement that the sentence imposed would be a county sentence of only 11 ½ to 23 months' imprisonment; and, (2) his offense gravity score had been miscalculated. Petitioner did not contend, as he does here, that Attorney Adams was ineffective for failing to file a direct appeal. (CP Dkt. No. 9 at 3).

The PCRA Court appointed William J. Hathaway to represent Petitioner. On June 22, 2009, Hathaway filed a motion to withdraw and an accompanying "no-merit" letter, in which he explained that in his professional opinion Petitioner had failed to state a colorable claim for PCRA relief. (CP Dkt. No. 13).

The PCRA Court granted Hathaway's motion to withdraw and denied Petitioner's request for relief on the merits. (CP Dkt. Nos. 14-16). Petitioner pursued an appeal *pro se*. He raised three claims that the Superior Court addressed: (1) that Hathaway had provided him with ineffective assistance in the PCRA proceeding; (2) that he was "illegally sentenced when the sentencing court use an illegal prior record score, double counting and sentenced [him] as a repeat felon."; and, (3) that the PCRA Court

---

[2] Petitioner's judgment of sentence became final on or around January 5, 2009, which is the date the time for filing a direct appeal with the Superior Court expired. See Pa.R.A.P. 903(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

3

erred when it "dismissed [his] PCRA [motion] without an evidentiary hearing, allowing PCRA counsel [Hathaway] to withdraw when [his] issues were meritorious?" (CP Dkt. No. 24, Commonwealth v. Collazo, No. 1429 WDA 2009, slip op. at 3-4, 7 (Pa.Super. Oct. 13, 2010) (citing Petitioner's appellate brief at 4, 16, 19)). In his brief, Petitioner did contend that Attorney Adams was ineffective for failing to file a direct appeal (see Pet's Ex. E, ECF No. 1-1 at 25-26), but the Superior Court did not consider that claim because he had failed to raise it in his PCRA motion. (Id. at 2 n.3). See also Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

On October 13, 2010, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision to deny relief. (Id. at 3-8). On or around January 3, 2011, Petitioner filed the instant petition for a writ of habeas corpus. [ECF No. 1]. Respondents have filed their Answer [ECF No. 12], to which Petitioner has filed a Traverse [ECF No. 14].

### B.  Discussion[3]

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996. Under this statute, habeas relief is only available on the grounds that Petitioner's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'"), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See also Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

---

[3] Respondents contend, *inter alia*, that the petition should be denied as untimely under the applicable statute of limitations, 28 U.S.C. § 2244(d). As Petitioner points out in his Traverse, however, Respondents' calculation is incorrect. Petitioner filed his petition within the statute of limitations.

4

### (1) Attorney Hathaway's Alleged Ineffective Assistance

Petitioner contends that Attorney Hathaway provided him with ineffective assistance in the PCRA proceeding. Ineffectiveness of PCRA counsel does not provide a ground for relief in federal habeas proceedings. That is because such ineffectiveness implicates no federal constitutional right given that Petitioner had no such right to counsel at that stage in the proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted); see, e.g., Pursell v. Horn, 187 F.Supp.2d 260, 373 (W.D.Pa. 2002) ("the due process clause does not require counsel for state post-conviction proceedings, whether state law requires such counsel or not.").

Based upon all of the foregoing, Petitioner's claim that Attorney Hathaway provided him with ineffective assistance should be denied.

### (2) Attorney Adams's Alleged Ineffective Assistance

Petitioner contends that Attorney Adams provided him with ineffective assistance for failing to pursue a direct appeal. This claim should be denied because it is procedurally defaulted.

A state prisoner must provide the state courts with the first opportunity to consider any claim that he has raised in his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), quoting Coleman, 501 U.S. at 731. See also O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan,

5

526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). The petitioner must demonstrate that he raised the claim in the proper state forums through the proper vehicle, not just that he raised a federal constitutional claim before a state court at some point. O'Sullivan, 526 U.S. at 845 (a petitioner must have presented a claim through the "established" means of presenting a claim in state court at the time); Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review).

Petitioner did not properly exhaust the claim that Attorney Adams provided him with ineffective assistance for failing to file a direct appeal because he did not raise that claim before the PCRA Court. That court considered the claims that Petitioner had raised in his *pro se* PCRA motion, and there was nothing preventing him for raising the claim at issue in that motion. Although he did subsequently raise the claim before the Superior Court, it was waived because he had not first raised it with the PCRA Court. (CP Dkt. No. 24, Collazo, No. 1429 WDA 2009, slip op. at 2 n.3). See also Pa.R.A.P. 302(a).

If a petitioner has failed to properly exhaust his claim –for example, he failed to comply with a state procedural rule such as Appellate Rule 302(a)'s waiver rule– and as a result the state court declined to adjudicate the claim on the merits, the claim is defaulted in federal habeas corpus under the procedural default doctrine. See, e.g., Coleman, 501 U.S. at 730; O'Sullivan, 526 U.S. at 851-56 (Stevens, J. dissenting) (describing the history of the procedural default doctrine). The procedural default doctrine prohibits federal habeas courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is independent of the federal

6

question and adequate to support the judgment. See, e.g., Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 732.

Here, the Superior Court's decision was based on the application of a state procedural rule that is "independent" of federal law. The waiver rule applied by the Superior Court (Pa.R.A.P. 302(a)) is also "adequate." A state rule is "adequate" if: (1) the rule speaks in unmistakable terms; (2) the state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule; and (3) the state court's refusal was consistent with other decisions. Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007). See also Beard v. Kindler, — U.S. —, 130 S.Ct. 612 (2009) (discretionary state rules can be "adequate"); Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (a state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred). The Superior Court's application of Appellate Rule 302(a) was "adequate," since that rule clearly states that issues not raised in the lower court are waived, and since at the time of Petitioner's waiver (which would have been when he filed his *pro se* PCRA motion), Pennsylvania appellate courts regularly held that claims were waived when those claims were raised for the first time on appeal. See 20 G. Ronald Darlington *et al.*, Pennsylvania Appellate Practice § 302:1 (2011-12 ed.) (collecting cases and explaining that Pennsylvania courts have applied Appellate Rule 302(a) "consistently" and that "[a]lthough exceptions to the general rule have been permitted, they occur primarily where either important issues of public policy are concerned or where counsel had no opportunity to raise an issue below.").

Based upon all of the forgoing, Petitioner's claim that Attorney Adams was ineffective for failing to file a direct appeal should be denied as procedurally defaulted.[4]

---

[4] A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense"

7

## C.  Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability should be denied.

---

impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner cannot rely upon Attorney Hathaway's alleged ineffective assistance in the PCRA proceeding to establish the "cause" and "actual prejudice" requirements for two reasons. First, as noted above, it was Petitioner's failure to raise in his *pro se* PCRA motion the claim that Attorney Adams was ineffective for failing to file a direct appeal that resulted in the default of that claim. Second, to qualify as "cause" for a procedural default, an attorney's ineffectiveness must rise to the level of a Sixth Amendment violation. Coleman, 501 U.S. at 753-54. Because Petitioner has no Sixth Amendment right to representation during his PCRA proceedings, any alleged ineffectiveness on Attorney Hathaway's part during that proceeding cannot establish cause for the procedural default. Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002), citing Commonwealth v. Finley, 481 U.S. 551 (1987); Coleman, 510 U.S. at 752.

A petitioner may also overcome his procedural default if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. It is not applicable to Petitioner's case.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 6, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge