IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL ANGELO COLLAZO, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 11-6 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | |
| SUPERINTENDENT CURLEY, et al., | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

**SEAN J. McLAUGHLIN, District Judge.**

This action, filed pursuant to 28 U.S.C. § 2254, was referred to U.S. Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. Petitioner raises two claims for habeas relief. In his first claim, he contends that his court-appointed trial attorney, A.J. Adams, Esquire, provided him with ineffective assistance for failing to file a direct appeal. Petitioner did not raise this claim before the PCRA Court, and in his second claim he contends that the attorney who was appointed to represent him in that proceeding, William J. Hathaway, Esquire, was ineffective for failing to do so.

On March 7, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 16] in which she recommended that both of Petitioner's claims be denied and that a certificate of appealability be denied. Petitioner has filed Objections [ECF No. 17] to the R&R.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Petitioner in his Objections. We agree with the Magistrate Judge that he is not entitled to habeas

1

relief or a certificate of appealability on his stand-alone claim that his PCRA counsel, Hathaway, was ineffective. However, in light of the U.S. Supreme Court's recent decision in <u>Martinez v. Ryan</u>, — U.S. —, 132 S.Ct. 1309 (2012), we shall remand the case back to the Magistrate Judge for an evidentiary hearing to determine whether Petitioner can overcome the procedural default of his claim that Adams was ineffective for failing to file a direct appeal and, if he can, whether that claim has merit.

## I.

**A.     Relevant Background**

As set forth in the R&R, on October 28, 2008, Petitioner appeared before the Court of Common Pleas of Erie County with his counsel, Adams. He pleaded guilty to conspiracy to commit burglary and conspiracy to commit robbery. On December 1, 2008, the court sentenced him to a term of incarceration of 36-108 months with time credit for 200 days on one count, and to a consecutive sentence of 42-108 months of imprisonment on the other count.

Petitioner contends that immediately after he was sentenced he told Adams to file a post-sentence motion and a direct appeal. He contends that Adams assured him that he "would file said appeal." [ECF No. 2 at 2]. Petitioner has attached to his petition a letter that he claims he sent to Adams on December 3, 2008, via the Erie County Clerk of Court, in which he asked about "what steps" Adams was taking to remedy errors Petitioner believed had occurred with regard to his sentences. He also instructed Adams to file a motion to withdraw his guilty plea. [ECF No. 1-1 at 17, Pet's Ex. C]. Adams did not file a post-sentence motion or a direct appeal.

A few months later, on March 30, 2009, Petitioner filed a *pro se* PCRA motion. He raised the following two claims:

2

> (1) Adams provided me with ineffective assistance because he "told me I would receive a county sentence [of] 11 ½ – 23 months" and therefore "misguided [me] in taking my plea."
>
> (2) my prior record score was incorrect: "During my sentencing, the charges I was being sentenced for were also used as a prior conviction to jump my [prior record] score up. I have no prior adult convictions and I was categorized as a repeated felony offender."[1]

(CP Dkt. No. 9 at 3). Petitioner did not contend, as he does now, that Adams was ineffective for failing to file a direct appeal.

On April 9, 2009, the PCRA Court appointed Attorney Hathaway to represent Petitioner. Petitioner has attached to his petition a letter he contends that he sent to Hathaway, dated April 13, 2009, instructing him to raise in an amended PCRA motion the claim that Adams was ineffective for failing to comply with his directive to file a post-sentence motion and an appeal. In the letter, Petitioner wrote: "I have not received any response from [Adams] concerning that matter. Therefore, I was abandoned on that issue pertaining to the appeal of my sentence and the withdrawal of my plea." [ECF No. 1-1 at 18, Pet's Ex. C]. Petitioner contends that Hathaway "did not at any time interview or even speak with [him] concerning his claims." [ECF No. 17 at 2].

The ineffective assistance claim that Petitioner requested that Hathaway raise is analyzed under the familiar two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show: (1) that counsel's representation fell below an objective standard of reasonableness, 466 U.S. at 688; and (2) that counsel's deficient performance prejudiced him, id. at 694. "Where the basis of the ineffective assistance claim is counsel's failure to appeal, a more specific version of the Strickland standard applies."

---

[1] In his motion, Petitioner actually stated that his "offense gravity score" was incorrect, but it appears from the context of his argument that his contention was that his prior record score was incorrectly calculated.

3

Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). In Flores-Ortega, the Supreme Court held that "a lawyer *who disregards specific instructions* from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477. "Prejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client." Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2003).

On June 22, 2009, Hathaway filed with the court a "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988). (CP Dkt. No. 13). He addressed the two claims that Petitioner raised in his *pro se* motion and explained why, in his professional opinion, Petitioner failed to state any colorable claim for relief. However, Hathaway did not reference the additional claim/s that Petitioner alleges he asked him to raise in an amended PCRA motion.

On June 23, 2009, the PCRA Court granted Hathaway's petition for leave to withdraw as counsel. (CP Dkt. No. 14). On that same day, it issued an Opinion and Notice of Intent to Dismiss PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907(1) ("Notice of Intent to Dismiss"). (CP Dkt. No. 15). Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner had 20 days to file a response to the PCRA Court's Notice of Intent to Dismiss. He did not file one.

About one month later, on July 22, 2009, the PCRA Court issued an order in which it denied Petitioner's request for post-conviction relief. (CP Dkt. No. 16). Petitioner raised several claims in his *pro se* appeal to the Superior Court of Pennsylvania. In relevant part, he claimed that Adams was ineffective for failing to file a direct appeal. [ECF No. 1-1 at 26, Pet's Ex. E]. The Superior Court did not address this claim because Petitioner had not raised it to the PCRA

4

Court and, therefore, had waived it. (CP Dkt. No. 24, Commonwealth v. Collazo, No. 1429 WDA 2009, slip op. at 2 n.3 (Pa.Super. Oct. 13, 2010)). See also Pa.R.A.P. 302(a). Petitioner also claimed that Hathaway was ineffective. The Superior Court held that this claim was waived because Petitioner was required to raise any claim of ineffective assistance of PCRA counsel first to the PCRA Court in a response to the Notice of Intent to Dismiss, and he had failed to comply with that requirement. (CP Dkt. No. 24, Collazo, No. 1429 WDA 2009, slip op. at 3-4 (citing Commonwealth v. Pitts, 981 A.2d 875, 879 n.3 (Pa. 2009)).

**B.     Discussion**

As set forth above, in his petition for a writ of habeas corpus Petitioner claims that Hathaway provided him with ineffective assistance during the PCRA proceeding. The Magistrate Judge recommended that this claim be denied because Petitioner did not have a right under the U.S. Constitution to counsel during his state post-conviction proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, therefore, cannot receive habeas relief on a claim that PCRA counsel was ineffective.[2] 28 U.S.C. § 2254(a) (stating, in relevant part, that federal habeas relief available only on the grounds that state prisoner is in custody in violation of his rights under the U.S. Constitutional); § 2254(i) ("[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."). See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989) (applying

---

[2]     Pennsylvania Rule of Criminal Procedure 904 mandates that a PCRA petitioner has a right to counsel on the first PCRA motion, and inherent in that right is a right under state law to effective assistance of counsel. To date, the right to effective assistance of PCRA counsel is afforded by state rule only. R. Wasserbly 16C Pennsylvania Criminal Practice § 34:14 n.11 (2005 & Supp. 2011) (collecting cases); Commonwealth v. Ford, — A.3d —, 2012 WL 1593043, *8-9 (Pa. Super. May 8, 2012).

5

the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance.)").[3]

The Magistrate Judge also recommended that Petitioner's claim that Adams was ineffective for failing to pursue a direct appeal be denied as procedurally defaulted because Petitioner did not raise that claim before the PCRA Court and, therefore, had waived it under state law. The Magistrate Judge noted that a petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner could not rely upon Hathaway's alleged ineffective assistance in the PCRA proceeding to establish the "cause" requirement, the Magistrate Judge explained, because he had no Sixth Amendment right to representation during his PCRA proceeding. See, e.g., Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) ("While ineffective assistance of counsel can be cause for a procedural default, the attorney's ineffectiveness must rise to the level of a Sixth Amendment violation.").

After the Magistrate Judge issued the R&R, the Supreme Court decided Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012). In that case, the Supreme Court held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding, a petitioner may establish

---

[3] In contrast, "[t]he PCRA statute itself, unlike the federal habeas law …, does not explicitly forbid relief for claims of ineffective assistance of post-conviction counsel." Ford, 2012 WL 1593043 at *8.

"cause" sufficient to overcome a procedural default of a claim if "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)." Martinez, 132 S.Ct. at 1318.

The Supreme Court did not premise its decision in Martinez on the holding that a petitioner has a right under the U.S. Constitution to initial-review collateral proceedings such as the PCRA. 132 S.Ct. at 1319 (expressly stating that it was making an equitable ruling, not a constitutional ruling). Accordingly, as the Magistrate Judge recommended, Petitioner's stand-alone claim that he is entitled to habeas relief based upon Hathaway's alleged ineffective assistance during the PCRA proceeding must be denied because it is not cognizable.

As for Petitioner's procedurally defaulted claim that Adams was ineffective for failing to file a direct appeal, under Martinez it is no longer correct to say that he is precluded as a matter of law from relying on Hathaway's ineffectiveness in order to prove the "cause" necessary to overcome his default of that claim. If Petitioner can establish that Hathaway was ineffective, he is entitled to merits review of his claim that Adams ignored his directive to file a direct appeal. And if Petitioner can establish that Adams disregarded his specific request to file a direct appeal, he may be entitled to habeas relief.

The Court is cognizant that a petitioner can procedurally default the claim of ineffectiveness that he is relying upon to establish cause for the default of another claim. See, e.g., Edwards v. Carpenter, 529 U.S. 446 (2000). However, this Court cannot conclude that Petitioner procedurally defaulted his contention that Hathaway was ineffective even though the Superior Court determined that he waived that claim because he did not present it to the PCRA Court in a response to the Notice of Intent to Dismiss. That is because in order to do so, this Court would have to conclude that the state rule that the Superior Court applied to find waiver

was "firmly established and regularly followed" at the time that the alleged default occurred. Ford v. Georgia, 498 U.S. 411, 4230-24 (1991). See also Edward, 529 U.S. at 453. It was not. Petitioner's failure to file a response to the Notice of Intent to Dismiss occurred between around June 23 and July 22 of 2009. The Pennsylvania Supreme Court did not decide Commonwealth v. Pitts, the case upon which the Superior Court relied to find waiver, until approximately three months later, on October 20, 2009. See also Ford, 2012 WL 1593043 at *6 (noting that in Pitts the Pennsylvania Supreme Court "for the first time held conclusively that claims of non-capital PCRA counsel's ineffectiveness could not be raised for the first time on appeal.").

In conclusion, Martinez represents a significant change in the law and this Court can no longer decide this case on the record as it stands. It appears that a hearing is required so that Petitioner has the opportunity to present evidence to support his allegations that Hathaway and Adams were ineffective.[4] At the hearing, Respondent also will be given the opportunity to oppose Petitioner's contentions and present evidence to show that Hathaway's representation was not deficient, or to demonstrate that Petitioner's claim that Adams was ineffective has no merit. Martinez, 132 S.Ct. at 1319 ("The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause of an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.").

---

[4] This Court is not precluded from conducting an evidentiary hearing under Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388 (2011), because the state court did not adjudicate the claims at issue here on the merits. Han Tak Lee v. Glunt, 667 F.3d 397, 405 (3d Cir. 2012).

8

Before conducting an evidentiary hearing, counsel must be appointed. See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, this Court will also order that counsel be appointed to represent Petitioner.

## II.

Accordingly, this 5th day of June, 2012**,** it is hereby **ORDERED** that the R&R of Magistrate Judge Baxter, dated March 7, 2012, is ADOPTED IN PART and REJECTED IN PART. The Magistrate Judge's recommendation that Petitioner's stand-alone claim that that Attorney Hathaway was ineffective be denied is ADOPTED as the Opinion of the Court, as supplemented herein.

In light of the Supreme Court's post-R&R decision in Martinez, the Court cannot adopt the Magistrate Judge's recommendation that Petitioner's claim that Attorney Adams was ineffective for failing to file a direct appeal be denied as procedurally defaulted. That claim is remanded to the Magistrate Judge to appoint Petitioner counsel and to conduct an evidentiary hearing in order to determine whether the claim is procedurally defaulted and/or to evaluate its merit.

                                                             s/     Sean J. McLaughlin  
                                                                  Sean J. McLaughlin  
                                                                  United States District Judge

cc:     All parties of record  
         Susan Paradise Baxter,  
         U.S. Magistrate Judge